## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**
March 27, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PHYLLIS L. BOLT,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0394**  (BOR Appeal No. 2048832)
(Claim No. 2013011864)

**NEW RIVER HEALTH ASSOCIATION, INC.,**
**Employer Below, Respondent**


### MEMORANDUM DECISION

Petitioner Phyllis L. Bolt, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. New River Health Association, Inc., by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 26, 2014, in which the Board affirmed an October 1, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 2, 2013, decision denying Ms. Bolt's request to reopen the claim on a temporary total disability benefits basis. In its Order, the Office of Judges also affirmed the claims administrator's February 15, 2013, decision denying Ms. Bolt's request to add the diagnoses of right sacroiliac radiculopathy with pain and weakness and sacroiliac strain as compensable conditions, and it affirmed the claims administrator's March 11, 2013, decision denying Ms. Bolt's request for a lumbar MRI with and without contrast. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Bolt worked as a registered nurse for New River Health Association, Inc. On May 23, 2012, she sustained an injury to her low back when she assisted a patient from a wheelchair

1

to the restroom. The claim was held compensable for lumbar strain, and Ms. Bolt was found eligible for temporary total disability benefits from May 29, 2012, through July 3, 2012. Ms. Bolt had several back injuries prior to this injury and was still seeking medical treatment for her back before this injury. The claim was closed on a temporary total disability benefits basis on October 19, 2012, because no additional medical evidence had been received showing Ms. Bolt remains disabled.

On December 10, 2012, Ms. Bolt petitioned to reopen the claim for additional temporary total disability benefits based upon an aggravation or progression of her compensable injury. Joseph I. Golden, M.D., found that Ms. Bolt had an aggravation or progression of the work injury and now has right radicular leg pain and diminished sensation and strength in right leg. On January 2, 2013, the claims administrator denied a request to reopen the claim on a temporary total disability benefits basis because according to Dr. Golden's office notes, Ms. Bolt awoke with back pain on December 5, 2012, and no new injury or incident precipitated the event. The claims administrator further relied on the independent medical evaluation of Paul Bachwitt, M.D., in which he found Ms. Bolt had reached maximum medical improvement for her compensable injury.

Ms. Bolt requested to add the diagnoses of right sacroiliac radiculopathy with pain and weakness and sacroiliac strain as compensable conditions based on Dr. Golden finding these diagnoses are related to the compensable injury. Dr. Golden concluded that the initial injury progressed to cause radiculopathy of the right sacroiliac nerve and found the sacroiliac joint is obviously involved because it is tender and a focus of weakness and pain when he manipulated the lumbar spine during exam. On February 15, 2013, the claims administrator denied a request to add the diagnoses of right sacroiliac radiculopathy with pain and weakness and sacroiliac strain as compensable conditions based on the diagnosis update request and a review of the medical evidence.

Ms. Bolt received one MRI on June 25, 2012, that revealed a non-expansible lesion involving the L4 vertebral body that the report noted may represent degenerative bone marrow signal or an atypical hemangioma. The June 25, 2012, MRI findings were unchanged from the October 11, 2011, MRI. She underwent another MRI on July 12, 2012, where the examining physician also identified this problem and stated "the differential diagnosis would be an atypical hemangioma, osteonecrosis or atypical infection such as tuberculosis." On February 14, 2013, Dr. Golden requested another MRI of the lumbar spine with and without contrast for the diagnosis of progression of right sacroiliac radicular pain, paresthesia, and weakness. On March 11, 2013, the claims administrator denied a request for a lumbar MRI with and without contrast.

The Office of Judges affirmed the claims administrator's January 2, 2013, February 15, 2013, and March 11, 2013, decisions. The Office of Judges found the preponderance of the evidence failed to establish a relationship between Ms. Bolt's alleged temporary total disability and the compensable injury and the reasonableness or necessity for an additional MRI. It further found the preponderance of the evidence failed to establish the requested diagnoses as related or due to the compensable injury. The Board of Review affirmed the Order of the Office of Judges. On appeal, Ms. Bolt disagrees and asserts that she has had a progression or aggravation of her

compensable condition. She further asserts that Dr. Golden found she had not yet reached maximum medical improvement on January 21, 2013, and was temporarily totally disabled from December 5, 2012, to January 31, 2013. Ms. Bolt argues that Dr. Golden opined that the two requested additional diagnoses should be added as compensable conditions and that Ms. Bolt's compensable injury progressed to cause radiculopathy of the right sacroiliac nerve. She also argues that Dr. Golden found the requested lumbar MRI is necessary due to the progression of Ms. Bolt's right sacroiliac radicular pain, paresthesia, and weakness. New River Health Association, Inc., maintains that the requests for additional temporary total disability benefits, medical treatment, and compensable conditions all stem from a new onset of alleged radicular symptoms that are not related to the compensable injury of May 23, 2012, especially in view of the extensively documented pre-existing degenerative condition, which is also known to be progressive. New River Health Association, Inc., further maintains that Ms. Bolt has reached maximum medical improvement and has returned to work. It also asserts that Dr. Golden has failed to provide a basis for why another MRI is reasonable and necessary for diagnosing and treating the compensable injury since several have already been performed.

On the issue of whether to reopen the claim on a temporary total disability benefits basis, the Office of Judges found that New River Health Association's argument that Ms. Bolt has reached maximum medical improvement was not sufficient by itself to deny a request to reopen the claim but that New River Health Association's argument that Ms. Bolt had pre-existing back problems is persuasive and supported by the evidence in the record. The Office of Judges noted that Ms. Bolt had four prior low back injuries as documented in the evidence and has degenerative disc disease as evidenced by diagnostic testing. The Office of Judges determined that there is clear evidence that Ms. Bolt had experienced radiculopathy into her right lower extremity before the compensable injury. In addition, Dr. Bachwitt found Ms. Bolt could return to full duty work without any restrictions at the time of his evaluation on September 11, 2012.The Board of Review agreed with the Office of Judges, and this Court agrees with the Board of Review.

On the issue of whether to authorize the requested lumbar MRI, Ms. Bolt has already undergone two lumbar MRIs and a CT scan, none of which revealed the presence of a surgically correctable condition. Dr. Golden fails to explain why a further MRI was either reasonable or necessary. The Office of Judges concluded that a preponderance of the evidence does not establish that additional diagnostic testing is required in this claim. The Board of Review agreed with the Office of Judges. Since multiple MRIs and one CT scan have all failed to show a surgically correctable condition and Dr. Golden failed to explain why this additional MRI is medically reasonable or necessary, this Court agrees with the Board of Review.

On the issue of whether to add the requested diagnoses as compensable conditions, the Office of Judges found the diagnosis update is not supported by a preponderance of the credible medical evidence. It further found that Dr. Golden's findings vary from the observations of the examiners conducting the diagnostic testing and of Dr. Bachwitt, the only orthopedic surgeon of record. Dr. Bachwitt concluded that she had reached maximum medical improvement at her examination on September 11, 2012. The Office of Judges found that Ms. Bolt's radicular complaints were present prior to the compensable injury. Even though the pain may have abated,

it did not reappear until seven months after her compensable injury. The Office of Judges concluded that the radicular pain cannot be confirmed by electrodiagnostic studies as being true radiculopathy and attributing Ms. Bolt's pain to the instant compensable injury as opposed to the past compensable injuries or degenerative changes is a matter of speculation. The Board of Review agreed with the Office of Judges. The Board of Review and the Office of Judges relied on the diagnostic studies and the report of Dr. Bachwitt that found the requested diagnoses are not related to the compensable injury. Therefore, this Court agrees with the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 27, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin